UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

LARRY WRIGHT, JR.

CRIMINAL ACTION

NO. 06-150-JVP-CN

**RULING ON MOTION IN LIMINE**

This matter is before the court on a motion in limine by the government to ensure that impeachment is in compliance with the Federal Rules of Evidence (doc. 118).  Also before the court is a motion in limine by the government to exclude defendant, Larry Wright, Jr., from introducing evidence that he assisted and provided information in criminal investigations unrelated to the facts and circumstances surrounding the charges against him (doc. 87).  Defendant has opposed that motion (doc. 94).  Jurisdiction is based on 18 U.S.C. § 3231 and the matter is now submitted.

**FACTS AND PROCEDURAL HISTORY**

On December 7, 2006, defendant, Larry Wright, Jr. was charged in a superseding indictment with three counts of illegal use of communications facilities, one count of attempted possession of cocaine with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking crime (doc. 36).  The government alleges that while Wright was employed as a deputy in the East Baton Rouge Sheriff's Office, he contacted an individual who, unknown to Wright, was a

1

confidential informant for the Bureau of Alcohol, Tobacco, Firearms and Explosives. Wright is alleged to have offered to protect the individual and to arrange to have pending felony charges against him dropped in exchange for a sum of money and cocaine. On June 21, 2006, Wright was arrested while allegedly meeting with the informant and attempting to take possession of money and cocaine.

On June 22, 2007, Wright provided notice of his intent to assert a public-authority defense pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure (doc. 71). The government responded by denying that the defendant exercised public authority and requesting defendant to disclose the name, address and telephone number of each witness whom he intended to use to establish the defense (doc. 72).[1] Defendant provided notice of his intent to call Deputy Eric Jones to establish the defense but stated that he also intended to call as witnesses other law enforcement agents with whom he had worked on other investigations (doc. 74, Ex. 4).

Noting that defendant had indicated his intent to call other, undisclosed witnesses, the government filed a motion seeking exclusion pursuant to Fed.R.Crim.P. 12.3(c) of any undisclosed witnesses whom the defendant might call

---

[1] Rule 12.3 provides that the government must respond to the notice and admit or deny that the defendant exercised the public authority identified in the defendant's notice. *See* Fed.R.Crim.P. 12.3(a)(3). Moreover, "[a]n attorney for the government may request in writing that the defendant disclose the name, address and telephone number of each witness the defendant intends to rely on to establish a public-authority defense." Fed.R.Crim.P. 12.3(a)(4)(A). If the government does so, the defendant must disclose this information within 7 days of receiving the written request. Fed.R.Crim.P. 12.3(a)(4)(B).

to testify regarding the public authority defense (doc. 74).[2] Defendant responded by disclosing his intent to call former East Baton Rouge Sheriff Elmer Litchfield in addition to Eric Jones, but reiterated his intent to call other witnesses "to testify concerning similar dealings and investigations in which he has participated in the past" (doc. 76, p. 2). Defendant stated that "the testimony of these other witnesses will not be to establish that Wright was acting with public authority at the time of this case; rather the defense anticipates that the government will allege that because some policies or procedures were not followed by Wright in this case, that proves Wright was acting without public authority" (*Id.* (emphasis in original)).

After a September 28, 2007 hearing on the motion in limine, the court granted the motion insofar as such testimony will be used to establish any element of the public authority defense (doc. 81). In doing so, the court stated:

> [I]f the evidence offered does not relate to this case, then it is not relevant evidence under Rule 401, Federal Rules of Evidence. If the defendant offers evidence as showing that he was authorized in other cases to participate in illegal activities, hence, by inference he was also authorized to do so in this case, then he runs smack-dab into Rule 12.3 F.R.Cr.P. and he must disclose those witnesses under penalty of exclusion.

(Doc. 81, p. 4 (emphasis in original)).

---

[2]Rule 12.3 provides that"[i]f a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the public authority defense. Fed.R.Crim.P. 12.3(c).

On December 12, 2007, the government filed the current motion to exclude the defendant from introducing evidence that he assisted and provided information in criminal investigations unrelated to the facts and circumstances surrounding the charges against him (doc. 87). The government noted that defendant had provided notice of his intent to call: (1) Kenneth Black, Walker Police Department, (2) Henry Briggs, Southern University Police Department, (3) Resa Odom, East Baton Rouge Sheriff's Office; and (4) Angie Banta, East Baton Rouge Sheriff's Office. The government argued that it had interviewed the witnesses and that none of them had ever authorized defendant to participate in illegal activities during the course of any investigation or ever used the defendant in an undercover capacity. Therefore, the government contends that their limited involvement has no bearing on the facts and circumstances of this case and never involved the defendant being authorized to conduct otherwise illegal activities. (Doc. 87, p. 3).

Defendant responded by stating that he expects former Sheriff Phares, former Deputy Bud Connors and Deputy Leonardo Moore to testify that Wright did not follow rules and procedures within the Sheriff's office while conducting this investigation. Defendant stated that he intends to call witnesses who were or still are deputies with the Sheriff's Office to testify that very similar conduct by Wright occurred in the past, resulting in arrests or valuable information. He also stated his intent to question the ATF agents and the government's witnesses concerning the proper way to conduct investigations and how the rules and regulations of the

Sheriff's Office were or were not followed by Wright in the Cordasco investigation. He further stated that, because he was not sure if these would be considered rebuttal witnesses or witnesses used to establish the public authority defense, he has disclosed the four witnesses he intends to call. (Doc. 94, p. 2).

Defendant also stated that he "does not believe that the court can rule at this stage of the proceedings as to whether Wright can call these witnesses and whether they will provide relevant information because the government has not yet presented its case in chief" (doc. 94, p. 3).

On May 6, 2008, the government filed the current motion in limine seeking exclusion at trial of any evidence pertaining to rape charges currently pending against one of its witnesses, Christopher Cordasco.[3] According to the motion, the charges were filed against Cordasco on November 4, 2007, in the District Court of Christian County, Kentucky. (Doc. 118).

## LAW AND DISCUSSION

**The Government's Motion in Limine to Exclude Impeachment Evidence Relating to Impending State Law Charges against Christopher Cordasco.**

Rule 609 of the Federal Rules of Evidence "permits impeachment by evidence of past convictions, but does not apply to crimes charged for which there has been

---

[3] The government, however, lists four convictions which it concedes may be admissible to impeach the witness pursuant to Fed.R.Evid. 607 and 609. They are: (1) a September 30, 2002 conviction for cruelty to a juvenile; (2) a September 30, 2002 conviction for purse snatching; a September 30, 2002 conviction for criminal damage to property; and (4) an October 10, 2006 conviction for simple assault. *See* (doc. 118, p. 2).

no conviction." *U.S. v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998) (citing *United States v. Abadie*, 879 F.2d 1260, 1267 (5th Cir. 1989)). "Prior bad acts that have not resulted in a conviction are admissible under Fed.R.Evid. 608(b) if relevant to a witness's character for truthfulness or untruthfulness. Violent crimes, however, are irrelevant to a witness's character for truthfulness." *Id.*

In the present case, Cordasco has been charged in Kentucky state court with a violent crime. Therefore, the court finds that the arrest and charges currently pending against the witness are not relevant to his character for truthfulness or untruthfulness.

Moreover, the defense has submitted no evidence to establish that prosecutors have agreed to give a favorable recommendation for or to intercede on behalf of the witness in his pending trial. Therefore, evidence of the charges pending against Cordasco is not relevant to demonstrate potential bias on his part. See *United States v. Benavidez*, 644 F.2d 1255, 1262 (5th Cir. 1982) (holding that refusal to allow impeachment of a witness's credibility on pending state charges does not violate the Confrontation Clause where no evidence exists of any deal between the government and witness to testify favorably).

**The Government's Motion In Limine to Exclude Evidence Pertaining to Prior Criminal Investigations**

The defense of public authority is an affirmative defense of excuse derived from common law. *U.S. v. Jumah*, 493 F.3d 868 (7th Cir. 2007); *United States v. Pitt*,

193 F.3d 751, 756 (3d. Cir. 1999).  As with other common law affirmative defenses, the burden is on the defendant to establish the defense by a preponderance of the evidence.  *Jumah,* 493 F.3d at 868.  The public authority defense is available when the defendant is engaged by a government official to participate or assist in covert activity.  *U.S. v. Spires*, 79 F.3d 464, 466, n. 2 (5th Cir. 1996) (citing *United States v. Achter*, 52 F.3d 753 (8th Cir. 1995).

We start with the proposition that every holder of a law enforcement commission is not ipso facto authorized to commit illegal acts in connection with "investigations" of criminal activity.  Every person making such a claim must establish that he was authorized by a proper government official to engage in the particular conduct at issue.  Any other view of the public authority defense is simply not tolerable in a civilized society.

The defense of public authority serves to protect a law enforcement officer who engages in otherwise illegal activity in the course and scope of his employment as a law enforcement officer.  Therefore, in the present case, establishing the defense requires the defendant to demonstrate that he engaged in the activity pursuant to authority granted to him by a government official qualified to do so, and that he acted according to the established practice, rules and regulations of the law enforcement agency.

In the present case, Wright contends that, at all times alleged in the indictment, he was engaged in an undercover operation along with Deputy Eric

Jones. Wright has stated that he intends to call witnesses who were or still are members of the East Baton Rouge Sheriff's Office to testify that he had engaged in similar activities in the past that resulted in arrests or valuable information. The court has already ruled that the defendant must offer evidence that a proper government official authorized his activities in <u>this case</u>. (*See* Ruling on Motion In Limine, doc. 81). The court concludes that the defendant has not presented a proper foundation for the presentation of such testimony.

Wright has also indicated that he intends to question agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) concerning the proper way to conduct investigations and how the rules and regulations of the Sheriff's Office were or were not followed by Wright in the Cordasco investigation. Because the defendant claims that he was acting pursuant to his authority as a deputy of the East Baton Rouge Sheriff's Office, the established practices, rules and regulations of the ATF are not relevant to establish the defense of public authority in this case. Moreover, the testimony of ATF agents would not be relevant to demonstrate the rules and regulations that the East Baton Rouge Sheriff's Office requires its deputies to follow when conducting its undercover operations.

For the same reasons, the court concludes that the testimony of officers of the Walker Police Department and Southern University Police Department would not be relevant to establishing the defense of public authority in this case.

## CONCLUSION

For the foregoing reasons, the motion in limine by the government to exclude evidence of the charges currently pending against the government's witness, Chris Cordasco, in the District Court of Christian County, Kentucky (doc. 118) is hereby **GRANTED**. The motion in limine by the government to exclude evidence that the defendant assisted and provided information in criminal investigations unrelated to the facts and circumstances surrounding the charges against him (doc. 87) is hereby **GRANTED**.

Baton Rouge, Louisiana, June 6, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA