UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2008 JUN 13  P 4:15

_____
BY DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL ACTION |
| LARRY WRIGHT, JR. | NO. 06-150-JVP-CN |

## RULING ON MOTION

This matter is before the court on a motion by defendant, Larry Wright, Jr., for an order requiring pre-trial production of materials subpoenaed from the Louisiana State Police (doc. 122). The government has opposed the motion (doc. 132). Jurisdiction is based on 18 U.S.C. § 3231 and there is no need for oral argument.

On June 10, 2008, defendant subpoenaed all personal and disciplinary records in the possession of the Louisiana State Police regarding Alan Benton "Bud" Connor and/or Don Benton "Bud" Connor. (*See* doc. 122, Ex. A). Defendant notes that Connor is a potential witness for the government and states that he seeks information that may be used for impeachment purposes. He further states that he seeks pre-trial production in order to allow him to fully prepare for trial.

The government in opposition notes that a party seeking pre-trial production of material must show that: (1) the subpoenaed document is relevant; (2) it is admissible; and (3) it has been requested with adequate specificity (doc. 132, p. 2 (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992)). The opposition also notes that requesting entire files

instead of specific documents indicates a fishing expedition (*Id.* (citing *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1983)).

Unlike the subpoena upon which it is based, defendant's motion indicates with relative specificity the information he seeks. As the government notes in its opposition, however, "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial (doc. 132 (quoting *Nixon*, 418 U.S. at 701)).

The government states that it does not intend to call Connor in its case-in-chief. However, it reserves the right to call him at trial if necessary and states that it will provide the Louisiana State Police with a *Giglio* request regarding Connor so that, if Connor is called to the stand to testify on behalf of the United States, the defendant will have access, prior to Connor's testimony, to any *Giglio* in the possession of the Louisiana State Police.

Therefore, the motion by defendant, Larry Wright, Jr., for an order requiring pre-trial production of materials subpoenaed from the Louisiana State Police (doc. 122) is hereby **DENIED**.

Baton Rouge, Louisiana, June 13, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA