UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
MIDDLE DIST. OF LA

2008 JUN 19 P 4: 12

UNITED STATES OF AMERICA

BY DEPUTY CLERK

VERSUS                                              CRIMINAL ACTION

LARRY WRIGHT, JR.                                   NO. 06-150-JVP-CN

# RULING ON SUPPLEMENTAL MOTION FOR RECONSIDERATION

This matter is before the court on the supplemental motion by defendant, Larry Wright, Jr., for reconsideration of the court's June 6, 2008 ruling granting the government's motion to exclude impeachment evidence (doc. 134).   The government has opposed the motion (doc. 142).  Jurisdiction is based on 18 U.S.C. § 3231.  There is no need for oral argument.

On May 6, 2008, the government filed a motion to exclude evidence pertaining to the November 14, 2007 arrest of government witness, Christopher Cordasco, in Christian County, Kentucky (doc. 118).  On June 6, 2008, the court granted that motion, noting, inter alia, that the defendant had not submitted any evidence to establish that prosecutors have agreed to give a favorable recommendation for or to intercede on behalf of the witness in his pending trial (doc. 121, p. 6 (citing *United States v. Benavidez*, 664 F.2d 1255, 1262 (5th Cir. 1982) (holding that refusal to allow impeachment of a witness's credibility on pending state charges does not

violate the Confrontation Clause where no evidence exists of any deal between the government and witness to testify favorably)).

On June 10, 2008, defendant filed a motion for reconsideration of the June 6, 2008 ruling (doc. 123).  The court denied defendant's motion on June 12, 2008, noting that "[t]he rule in this circuit has long been that evidence of pending charges, including indictment and informations, cannot be used to impeach the credibility of a witness" (doc. 135, p. 4 (citing *U.S. v. Collins*, 472 F.2d 1017, 1019 (5th Cir. 1972)).

Defendant filed the current motion on June 13, 2008.  In support of the motion he asserts that "Wright's private investigator has learned that both the judge [] presiding over his Kentucky case as well as the detective who was the affiant for the arrest warrant [] believe that the disposition of Cordasco's case in Kentucky is dependent upon his cooperation here in Louisiana" (doc. 134, pp. 1-2).  Defendant also asserts that, on November 8, 2005, Cordasco was arrested by Louisiana State University Police for aggravated assault and for carrying a firearm/dangerous weapon on school property.  He maintains that Agent Mike Desmond of the ATF contacted the district attorney for the Nineteenth Judicial District of Louisiana and requested that Cordasco receive a no-bill, or at least a misdemeanor charge instead of the charges filed upon his arrest (doc. 134 (*citing* Ex. B)).  On May 2, 2006, Cordasco was charged in the Nineteenth Judicial District of Louisiana with the misdemeanor crime of simple assault (*Id.* (*citing* (Ex. C)).

2

The Supreme Court has held that "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974).  The Fifth Circuit has stated that the Sixth Amendment right of a defendant to cross-examine a witness against him is so important that "the defendant is allowed to 'search' for a deal between the government and the witness, even if there is no hard evidence that such a deal exists." *U.S. v. Onori*, 535 F.2d 938, 945 (5th Cir. 1976).[1]

Rule 402 of the Federal Rules of Evidence, however, provides that evidence that is not relevant is not admissible.  Therefore, even though a defendant on cross-examination may 'search' for a deal between the government and the witness even in the absence of *hard* evidence that such a deal exists, the defendant must be able to demonstrate that the proposed cross-examination is relevant.  This is particularly true where the defendant seeks to introduce evidence of a rape arrest that would not otherwise be admissible.  Such evidence may easily fall afoul of Fed.R.Evid. 403, which provides that evidence may be excluded if its probative value is substantially outweighed by its danger of unfair prejudice.

Defendant has submitted no evidence at all to support his assertion that the judge presiding over the Kentucky case and the detective who was the affiant for the

---

[1]But see, *Onori*, 535 F.2d. at 945 ( stating that "the right of cross-examination . . . is not unrestricted; the scope of such examination may be limited by the trial judge in the exercise of his discretion" (citing *Jackson v. Beto*, 388 F.2d 409, 411 (5th Cir. 1968)).

arrest warrant believe that the disposition of Cordasco's case in Kentucky is dependent upon his cooperation here in Louisiana.[2]  More to the point, defendant has presented no evidence that Christopher Cordasco believes that the disposition of his case in Kentucky is dependent upon his cooperation here in Louisiana. Therefore, he has failed to demonstrate that the proposed cross-examination is relevant and meets the criteria of Rule 403 of the Federal Rules of Evidence.

Accordingly defendant's supplemental motion for reconsideration of the court's June 6, 2008 ruling concerning impeachment of United States' witness Christopher Cordasco (doc. 134) is hereby **DENIED**.

Baton Rouge, Louisiana, June 19, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2]Though defendant has presented evidence that the prosecution of his November, 2005 arrest may have been influenced by his cooperation with the ATF, the admissibility of that evidence is not before the court on this motion.