UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

LARRY WRIGHT, JR.

CIVIL ACTION

NO. 06-150-JVP-CN

## RULING ON MOTION FOR NEW TRIAL

This matter is before the court on a motion by defendant, Larry Wright, Jr., for new trial (doc. 148).[1] The United States has responded (doc. 153) and defendant has replied (doc. 154). Jurisdiction is founded on 18 U.S.C. § 3231 and there is no need for a hearing.

## BACKGROUND

Larry Wright, Jr. was convicted on June 25, 2008 of one count each of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A).

At the time of his arrest, Wright was an East Baton Rouge Sheriff's deputy assigned to the parish prison as a jailor. At his trial, he claimed that he was

---

[1] Wright has also supplemented the motion for new trial by filing the affidavit of Chris Schroeder. *See* (doc. 149)

arrested while conducting an undercover narcotics operation and asserted a defense based on 21 U.S.C. § 885(d), which provides in pertinent part:

> Except as provided in sections 2234 and 2235 of Title 18, no civil or criminal liability shall be imposed by virtue of this subchapter upon . . . any duly authorized officer of any State, territory, political subdivision thereof . . . , who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances.

Wright filed the current motion for new trial on July 7, 2008, asserting that the court made an inaccurate statement of the law when it instructed the jury with regard to the section 885(d) defense. He further contends that the instruction substantially prejudiced his rights and had a direct impact on the outcome of the trial. Wright also argues that the court committed error by excluding the proposed testimony of Chris Schroeder as well as that of other witnesses whom he claims would have testified that he had participated in past investigations without the approval of his chain of command.

## LAW AND DISCUSSION

Rule 33 of the Federal Rules of Criminal Procedure provides in pertinent part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). "[T]he interest of justice standard 'requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial.'" *U.S. v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004) (quoting *United States v. McBride*, 862 F.2d 1316, 1319 (8th

Cir. 1988). "Generally . . . the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. *Id.* (citing *U.S. v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997)).

**Whether the Court's Jury Instruction Was an Inaccurate Statement of the Law**

The central issue in this motion for new trial is the interpretation of 21 U.S.C. § 885(d). The instruction given to the jury reads as follows:

> The defendant claims that if he committed the acts charged in the indictment, he did so during the course and scope of his employment as a law enforcement officer and pursuant to lawful authority. You must consider whether the defendant should be found not guilty because he was authorized by a qualified official of the East Baton Rouge Parish Sheriff's Office to participate or assist in the activity charged in the indictment.
>
> As a matter of law, I instruct you that every holder of a law enforcement commission is not authorized by virtue of his commission to commit illegal acts in connection with investigations of criminal activity. If you find that the defendant engaged in the activity charged in the indictment pursuant to authority granted to him by a qualified official of the East Baton Rouge Parish Sheriff's Office, you must find the defendant not guilty.

Wright contends that a deputy sheriff in Louisiana is duly authorized for purposes of 21 U.S.C. § 885(d) merely by virtue of his commission as a peace officer and that the court misstated the law when it instructed the jury that it must consider whether Wright was authorized by a qualified official of the East Baton Rouge Sheriff's Office to participate or assist in the activity charged in the

3

indictment. In support of these contentions he cites LSA–R.S. 40:2402 and LSA–R.S. 15:704, which he claims duly authorize every commissioned sheriff's deputy in Louisiana to engage in illegal drug transactions (doc. 154, p. 3).

LSA–R.S. 40:2402 provides in pertinent part:

> (a) "Peace officer" means any employee of a . . . sheriff, or other public agency, whose permanent duties include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
> (b) "Peace officer" shall also include those sheriff's deputies whose duties include the care, custody, and control of inmates.

LSA–R.S. 40:2402(1).

In determining whether the above statute supports Wright's contentions, one must distinguish between a situation in which an officer seizes discovered evidence and a situation in which an officer engages in an illegal narcotics transaction in order to produce evidence. The former situation is addressed by LSA–R.S. 40:2402(1) whereas the latter is not.

Moreover, LSA–R.S. 15:704 provides:

> Each sheriff shall be the keeper of the public jail of his parish, and shall by all *lawful means* preserve the peace and apprehend all disturbers thereof, and other public offenders.

LSA–R.S. 15:704 (emphasis supplied).

4

Significantly, LSA–R.S. 15:704 enjoins each sheriff to preserve the peace and apprehend public offenders "by all *lawful means*." Thus neither of the Louisiana statutes cited by Wright can be construed as granting all commissioned sheriff's deputies carte blanche authority to engage in illegal narcotics transactions in order to conduct their own, independent, undercover operations.

In asserting an affirmative defense based on section 885(d), Wright also carried the burden of demonstrating that he was lawfully engaged in enforcing the law when he committed the acts charged in the indictment. Wright maintains that an officer is "lawfully engaged" for the purposes of section 885(d) if he acts with intent to enforce the law and contends that "what truly matters in the instant case is whether or not Wright intended to make an arrest and act in his capacity as a law enforcement officer."[2] (Docs. 154, pp. 1-2; 148, p. 6).

However, an officer cannot be lawfully engaged in law enforcement if he violates federal law in the course of committing an act outside the scope of his authority. As noted *supra*, a commission as a sheriff's deputy does not, by itself, grant the holder authority to engage in illegal narcotics transactions. Because

---

[2]Wright acknowledges that under his interpretation of section 855(d) all commissioned Louisiana peace officers, even newly commissioned deputies assigned to dispatch, would be able to legally conduct completely independent, illegal narcotics transactions as long as they do so with intent to make an arrest and enforce the law (doc. 154, pp. 5-6). Congress cannot have intended section 885(d) to grant all commissioned peace officers carte blanche authority to independently set up and engage in illegal narcotics transactions. "Axiomatic in statutory interpretation is the principle that law should be construed to avoid an absurd or unreasonable result." *Banda-Ortiz v. Gonzales*, 445 F.3d 387, 394, n. 8 (5th Cir. 2006), *rehearing denied*, 458 F.3d 367 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 1874, 167 L.Ed.2d 363, (2007).

Wright claimed that he committed the charged acts in the course and scope of his employment as a deputy of the East Baton Rouge Sheriff's Office, he carried the burden of establishing that he engaged those activities pursuant to authority granted to him by a qualified official of the East Baton Rouge Sheriff's Office.

The court therefore finds no error in its instruction of the jury regarding Wright's assertion of a defense based on 21 U.S.C. § 885(d).

**Whether Testimony Was Properly Excluded**

Wright maintains that the court committed error by excluding the proposed testimony of Chris Schroeder. According to Wright, Schroeder would have testified that: (1) a deputy of the East Baton Rouge Sheriff's Office is not required to follow the chain of command when passing on information related to an investigation; (2) nothing in the policies and procedures manual prohibits the type of investigation Wright initially undertook; (3) Wright may not have violated rules; and (4) there is more than one method of investigating drug crimes (doc. 148, pp. 8-9).

None of the proposed testimony, however, is relevant either to the charges asserted against Wright or to his defense. Wright was not charged with failing to follow the chain of command when passing on information related to an investigation. He was not charged for the manner in which he initially gathered information, and he was not charged with failing to follow departmental rules. Wright was charged with attempted possession with intent to distribute cocaine, and with possession of a firearm in furtherance of a drug trafficking crime. The issues

raised by his defense were: (1) whether he was duly authorized to commit the acts with which he was charged, and (2) whether he was lawfully engaged in the enforcement of a controlled substances law when he engaged the acts charged.

Wright also argues that the court improperly excluded the testimony of other officers who would have testified that he had conducted investigations in the past without the approval of his chain of command (doc. 148, p. 8). Such testimony, however, is not relevant to the determination of whether Wright committed the charged acts or whether he was a duly authorized officer legally engaged in the enforcement of a controlled substances law or ordinance at the time. Wright was not charged with "conducting investigations." He was charged with attempted possession of cocaine with intent to distribute in violation of a federal statute. Thus, the proposed testimony of other officers, like the proposed testimony of Chris Schroeder, was properly excluded pursuant to Federal Rule of Evidence 402.

## CONCLUSION

For the foregoing reasons, the motion by defendant, Larry Wright, Jr., for a new trial (doc. 148), is hereby **DENIED**.

Baton Rouge, Louisiana, September 16, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA