UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                CRIMINAL ACTION

LARRY WRIGHT                                          NUMBER 06-150-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 14, 2013.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                           CRIMINAL ACTION

LARRY WRIGHT                                     NUMBER 06-150-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Larry Wright.  Record document number 194.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

### I. Procedural History

On June 25, 2008, the petitioner was found guilty of one count knowingly and intentionally attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and one count possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(C)(1)(A).  On August 21, 2009, the petitioner was sentenced to imprisonment for a term of 120 months.

On February 23, 2011, the petitioner's conviction was affirmed on appeal. *United States v. Larry Wright*, 634 F.3d 770 (5th Cir. 2011).  The United States Supreme Court denied review on October 3, 2011. *Larry Wright v. United States*, 132 S.Ct. 171, 181 L.Ed.2d 83 (2011).

Petitioner, through counsel, filed his § 2255 motion on October 2, 2012. Petitioner asserted a single ground for relief: he was denied due process by the government's sentencing factor manipulation.[1] Specifically, the defendant argued that (1) his sentence was "boosted" by the government's introduction of cocaine into what was to have been a bribery case, and (2) that his sentence was increased by his lawful possession of a firearm when the government had every reason to believe as a law enforcement officer he would indeed be in lawful possession of a firearm at the time the sting operation occurred. The issue was not raised on appeal.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

**A. Grounds for § 2255 Motion**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence;

---

[1] Sentencing entrapment, or sentencing factor manipulation, occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a more serious offense and thereby is subject to greater punishment. *United States v. Jones*, 664 F.3d 966, 984 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 2728 (2012).

and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### B. Procedural Default

Following a conviction and exhaustion or waiver of the right to direct appeal, the defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978 (1992). A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982). If the alleged error is not constitutional or jurisdictional, the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *United States v. Capua*, 656 F2d. 1033, 1037 (5th Cir. 1981).

First, the Fifth Circuit Court of Appeals has not held that sentencing entrapment is a cognizable defense to a sentence. *See U.S. v. Aikens*, 2013 WL 1277096 (5th Cir. March 28, 2013) (unpublished).

3

Second, the petitioner did not argue, nor has he shown, that he has overcome the procedural bar by demonstrating the necessary cause and prejudice[2] for his failure to raise the issue on direct appeal, nor has he shown that a fundamental miscarriage of justice will occur if the is issue is not considered.[3] Petitioner's claim regarding the Government's alleged sentence factor manipulation is procedurally barred.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, May 14, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.
In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it. *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998).

[3] To prove a fundamental miscarriage of justice, the petitioner must assert his actual innocence. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).